IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN BURRELL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH, | § | |
| Defendant. | § | |

## PLAINTIFF, CAROLYN BURRELL'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Carolyn Burrell, hereinafter called Plaintiff, complaining of and about The University of Texas Medical Branch, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff Carolyn Burrell is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.      Defendant University of Texas Medical Branch, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving Paul V. Brown, the District Manager of the corporation, U.T. Medical Branch, 301 University BLVD. Galveston, Texas 77555.

1

**JURISDICTION**

3.      The action arises under the Title VII of the Civil Rights Act of 1964, as amended, and   42 U.S.C. § 1981

**NATURE OF ACTION**

4.      This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

**CONDITIONS PRECEDENT**

5.      All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

TOLLING IS APPLICABLE

6. Plaintiff initially filed her charge with the EEOC (Charge # 460-2008-03636) on or about May 5, 2008. The Notice of Suits Rights was mailed to her on June 25, 2009. Plaintiff filed suit in State Court on July 28, 2009 and defendant was duly served. As of the date of the filing of this petition in Federal Court, Plaintiff has a pending petition in the 10th Judicial District Court of Galveston County, Texas.

7.   The United States Court of Appeals Seventh Circuit Courts opined in *Joe Clark v. Western Union Telegraph Company,* 914 F. 2d 260 that there are three

circumstances where equitable tolling should be considered for cases that are outside the time frame of filing. The Court stated:

8.   "As we stated in *Jones,* "equitable tolling is to be restricted and reserved only for situations on which the claimant has made a good faith error (e.g., brought suit in wrong court) or has been prevented in an extraordinary way from filing his complaint on time." (744F.2d at 1314. *Also See Baldwin County Welcome Center v. Brown,* 466 U.S.147, 151 (1984).

9. Case law, equity and justice dictate that when a plaintiff files suit in a different court, they should be given the opportunity to refile and not suffer permanent forfeiture of their claim on the altar of statute of limitations. *See Fox. Eaton Corp.,* 615 F.2d 716, 22 Fair Empl. Prac. Cas. (BNA) 98, 22 Empl. Prac. Dec. (CCH) 30675, 54 A.L.R. Fed. 326 (6th Cir. 1980) (plaintiff asserted Title VII claim in state court; later found out by State Supreme Court that state court lacks jurisdiction over Title VII claim).

## FACTS

10.   Plaintiff was employed as a Registered Nurse at the Gib Lewis Unit in Woodville, Texas until her forced resignation sometime in May of 2009.

11.    During her period of employment, Plaintiff experienced adverse employment action on the basis of her race in that Mr. Paul V. Brown, her supervisor, insisted on sending plaintiff to another unit to do a job that was normally required of a lower staff. Said order was given by Mr. Paul Brown because the lower positioned staff, a white

female, an LVN who was supposed to carry out said duty was given preferential treatment

## DAMAGES

12. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

      a.     Court Costs

      b.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

      c.     Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

      d.     All reasonable and necessary costs incurred in pursuit of this suit;

      e.     Emotional pain;

      f.     Inconvenience;

      g.     Interest;

      h.     Loss of enjoyment of life;

      i.     Mental anguish in the past;

      j.     Mental anguish in the future; and

      k.     Loss of earnings in the past.

## EXEMPLARY DAMAGES

13.    Plaintiff would further show that the acts and omissions of Defendant

complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Paula Walker, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:_____/s/_____
John-Baptist Sekumade
Attorney-in-Charge
Texas Bar No. 24051589
Southern District Bar No:   620585
2002 Wheeler Avenue
Houston, Texas   77004
Tel. (713) 409-5970
Fax. (713) 360-2699
Attorney for Plaintiff
Carolyn Burrell