## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN BURRELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION H-09-3932 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH | § | |
| AND PAUL V. BROWN, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM AND ORDER

Pending before the court is defendants' motion to dismiss plaintiff's first amended complaint. Dkt. 9. After review of the motion, the response, and the applicable law, the motion is GRANTED. This case is, therefore, DISMISSED WITH PREJUDICE.

### BACKGROUND

Plaintiff Carolyn Burrell, an African American female, worked for defendant University of Texas Medical Branch ("UTMB") as a registered nurse. Dkt. 5, Ex. 1. Burrell alleges that defendant Paul V. Brown, a Caucasian male, acting in his capacity as an agent of UTMB, discriminated against her by reassigning her to work at the Livingston Unit; a job Burrell claims could have been filled by a lower level staff, e.g., an LVN. *Id.* This reassignment was allegedly made in an attempt to get Burrell to resign. *Id.*

Burrell filed an EEOC complaint on or about May 5, 2008. *Id.* The EEOC mailed Burrell a right to sue letter on June 25, 2009. Burrell filed suit against UTMB in state court on July 28, 2009, alleging racial discrimination under the Texas Commission on Human Rights Act ("TCHRA"). Dkt. 10. UTMB filed a Plea to the Jurisdiction seeking dismissal of Burrell's claims

because she failed to bring her claim within the required statutory time period—the motion was subsequently granted. *Id.* While awaiting the state court's decision, however, on December 8, 2009, Burrell filed the current case in federal court, alleging violations of Title VII and § 1981 of the Civil Rights Act.[1]

**ANALYSIS**

Defendants move for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Specifically, defendants claim the case should be dismissed in its entirety because: (1) Burrell failed to file her Title VII claim within the requisite statutory time period; (2) the § 1981 claim against UTMB is barred by the Eleventh Amendment; and (3) Burrell cannot bring a § 1981 claim directly against Brown in his individual capacity. Dkt. 9.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Aschroft v. Iqbal,* ___ U.S.___, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] Burrell's complaint contains one passing reference to discrimination based on disability. *See* Dkt. 5, Ex. 1 at 4. However, other than this one reference, the complaint is devoid of any facts to support such an allegation. Additionally, other sections of the complaint make clear that Burrell is only suing for violations of Title VII and § 1981, and not for violations of the Americans with Disabilities Act. The court, therefore, need not address defendants' arguments with respect to a disability claim.

2

*Iqbal*, 129 S.Ct., at 1949 (quoting *Twombley*, 550 U.S. at 570). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, the plaintiff must demonstrate "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

Motions to dismiss brought under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) are subject to the same standard of review. *Benton v. Unites States*, 960 F.2d 19, 21 (5th Cir. 1992). However, the party with the burden of proof differs. The movant bears the burden of proof on a 12(b)(6) motion, whereas the party asserting subject matter jurisdiction bears the burden on a 12(b)(1) motion. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**A.    Title VII claim**

Title VII makes it unlawful for an employer to discharge an employee because of their "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In order to bring a Title VII claim, an employee must first exhaust the administrative remedies. The plaintiff must file a timely claim with the EEOC and then receive a right to sue letter before bringing a federal suit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Once a plaintiff receives a right to sue letter, he or she has ninety days in which to bring the suit. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)(A)). This ninety day requirement is strictly construed. *Id.* This limitations period is, however, subject to the principle of equitable tolling, although this doctrine is "to be applied sparingly." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Additionally, the plaintiff bears the burden to justify equitable tolling. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). The Fifth Circuit has articulated three reasons to warrant equitable tolling in Title VII cases: "(1) during the pendency of an action before a state court that has jurisdiction over the subject matter of the suit, but that is the wrong forum under state law; (2) until the claimant knows or should know

3

the facts giving rise to her Title VII claim; and (3) when the EEOC misleads the claimant about the nature of her rights under Title VII." *Id.*

In the present case, Burrell admits that she did not file her Title VII claim within ninety days of receiving the right to sue letter. *See* Dkt. 5, Ex. 1 at 2. The right to sue letter was mailed to Burrell on June 25, 2009; her federal complaint was filed December 3, 2009, well after the ninety-day period. *Id.* Burrel argues that the first ground for equitable tolling should apply because Burrell filed her suit in the wrong forum, e.g., the state forum. Burrell, however, did not file a Title VII claim in the state court—she filed a TCHRA claim in state court, which was in fact the proper forum for her single state claim. Additionally, although the TCHRA is modeled on Title VII, they are distinct provisions. *See* TEX. LAB. CODE § 21.001(1). And, filing state-law claims in state court does not equitably toll the limitations period for a related civil rights claim filed later in federal court. *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir. 1993). As Burrell offers no argument that either of the other two grounds for equitable tolling apply in the present case, equitable tolling is not appropriate. Burrell's Title VII claim, therefore, is dismissed because she failed to file the claim within the required ninety-day period.

**B.    § 1981 Claims**

*1. UTMB*

Defendants argue that the Eleventh Amendment provides immunity to States and their agencies from § 1981 claims, and UTMB, organized under the laws of the state of Texas, is, therefore, immune from this claim. Dkt. 10 at 9. Burrell, however, contends that language of § 1981(c), which was added by the Civil Rights Act of 1991, creates a private cause of action against state actors. Dkt. 14 at 4. The Fifth Circuit, however, disagrees. *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463 (5th Cir. 2001) (holding that §1981 (c) does not create a cause of action

against state actors). Burrell's § 1981 claim against UTMB is, therefore, dismissed for lack of subject matter jurisdiction.

*2. Brown*

Defendants contend that Burrell's § 1981 claim against Brown, in his individual capacity, can only be pursued under § 1983 and, therefore, should be dismissed. Dkt. 10 at 12 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)). Burrell asserts that the language of § 1981(c) has overruled the Supreme Court's decision in *Jett*. Dkt. 14 at 5. In *Oden*, however, the Fifth Circuit stated that *Jett* remains good law after the amendment of § 1981(c) and that claims against individual state actors must be pursued through § 1983. *Oden*, 246 F.3d at 463. Moreover, properly bringing a § 1983 claim is not a "mere pleading formality." *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002). Burrell's § 1981 claim against Brown is, therefore, dismissed.

## CONCLUSION

Having failed to file the Title VII claim within the required ninety-day period and there being no grounds to apply the doctrine of equitable tolling to the present case, Burrell's Title VII claim is dismissed. Additionally, Burrell's § 1981 claims are dismissed because UTMB is afforded immunity by the Eleventh Amendment and Burrell has failed to pursue her § 1981 claim against Brown through § 1983. This case, therefore, is DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas, on April 21, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY